CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 08-9515

JOCELYN BURCH AND MATTHEW BURCH

VERSUS

SMG, SCHINDLER ELEVATOR CORPORATION, AND XYZ INSURANCE

FILED: _____     _____
                                         DEPUTY CLERK

************************************************************

### PETITION FOR DAMAGES

The petition of Jocelyn Burch and Matthew Burch, both persons of the full age of majority and residents of and domiciled in the Parish of Jefferson, respectfully aver as follows:

I.

Made defendants herein are:

    A.    SMG, a non-Louisiana Corporation authorized to do and doing business in the State of Louisiana;

    B.    **SCHINDLER ELEVATOR CORPORATION**, (hereinafter "SCHINDLER") a non-Louisiana Corporation company authorized to do and doing business in the State of Louisiana; and

    C.    XYZ INSURANCE COMPANY, (hereinafter "XYZ") an unknown insurance company authorized to do and doing business in the State of Louisiana.

II.

SMG, SCHINDLER and XYZ INSURANCE COMPANY are justly and truly indebted unto your petitioners in the full and true sum of more than $50,000 (Fifty Thousand Dollars) each for the following reasons to wit:

III.

On or about the 16th day of December, 2007, your petitioners were patrons of the Louisiana Superdome.



EXHIBIT A

IV.

Petitioners were passengers in Elevator 3 when suddenly and without warning, the elevator began to free fall and crash to the ground, causing petitioners to fall to the floor of the elevator and the ceiling to become dislodged and fall on top of the head of JOCELYN BURCH.

V.

After the initial crash, employees of SMG, while attempting to render assistance, raised the elevator and then dropped it a second time causing a second crash and further injury to both plaintiffs. The doors to the elevator then had to be pried open so that the passengers could be rescued by pulling them through a small opening.

VI.

At all times material herein, SCHINDLER had contractually agreed to routinely inspect and perform maintenance and all necessary repairs to all elevators, including number three in the Louisiana Superdome.

VII.

The above described accident was caused solely by the negligence of SMG and SCHINDLER ELEVATORS, which negligence is more particularly described as follows:

    A.    Failing to properly perform routine maintenance, inspections and repairs of elevator number three;

    B.    Failing to warn patrons of the unsafe condition of elevator number three;

    C.    Dropping elevator number three a second time after it had knowledge of the malfunction; and

    D.    Other acts of negligence which will be shown more fully at trial.

VIII.

At all times material hereto SMG maintained a policy of general liability insurance with XYZ under which said policy SMG's acts of negligence were covered. Accordingly, petitioners have a right of direct action against XYZ as the general liability insurance carrier of SMG.

IX.

As a direct result of the elevator falls described herein above, petitioner, JOCELYN BURCH sustained injuries to her neck, back, right knee and left knee requiring medical treatment.

X.

As a direct result of the elevator falls described herein above, petitioner, MATTHEW BURCH sustained injuries to his neck and back requiring medical treatment.

XI.

Petitioners are entitled to recover damages for their physical pain and suffering, mental pain and suffering, loss of earnings, loss of earning capacity, medical expenses, past, present and future and permanent injury.

XII.

Petitioners invoke the doctrine of *res ipsa loquitur* in providing the negligence set forth in paragraph VI above.

WHEREFORE, petitioners pray that the defendants, SMG, SCHINDLER ELEVATOR and XYZ INSURANCE COMPANY be duly cited and served with a copy of this petition and that after due proceedings are had there be judgment rendered herein in favor of plaintiffs and against the defendants, SMG, SCHINDLER ELEVATOR and XYZ INSURANCE jointly, severely and *in solido* and in an amount sufficient to adequately compensate them for their damages together with legal interest thereon from date of judicial demand until paid, for all costs of this suit and for all general and equitable relief.

Respectfully Submitted:

DESALVO & BLACKBURN, LLC

ROBERT P. BLACKBURN (#24968)
F. GERALD DESALVO (#25647)
P.O. Box 6394
New Orleans, LA 70174
Phone: (504) 482-2955
Facsimile: (504) 482-2944

A TRUE COPY
DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA.

PLEASE SERVE:

SMG
Through their agent for service of process
Dave Weidler
Louisiana Superdome
Superbowl Drive (Gate F)
New Orleans, LA 70112

SCHINDLER ELEVATOR CORPORATION
Through their agent for service of process
CT Corporation Systems
5615 Corporate Blvd.
Suite 400B
Baton Rouge, LA 70808

 **CT Corporation**

**Service of Process Transmittal**
09/30/2008
CT Log Number 513913170



**TO:** John S M Karnash
Schindler Elevator Corporation
20 Whippany Road
Morristown, NJ 07960-

**RE:** Process Served in Louisiana

**FOR:** Schindler Elevator Corporation (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

**TITLE OF ACTION:** Jocelyn Burch and matthew Burch, Pltfs. vs. SMG, Schindler Elevator Corporation and XYZ Insurance Company, Dfts.

**DOCUMENT(S) SERVED:** Citation, Petition

**COURT/AGENCY:** Orleans Civil District Court, Parish of Orleans, LA
Case # 08-9515

**NATURE OF ACTION:** Personal Injury - Failure to Maintain Premises in a Safe Condition - On December 16, 2007

**ON WHOM PROCESS WAS SERVED:** C T Corporation System, Baton Rouge, LA

**DATE AND HOUR OF SERVICE:** By Process Server on 09/30/2008 at 08:30

**APPEARANCE OR ANSWER DUE:** Within 15 days after the service hereof

**ATTORNEY(S) / SENDER(S):** Robert P. Blackburn
Desalvo & Blackburn, LLC
P O Box 6394
New Orleans, LA 70174
504-482-2955

**ACTION ITEMS:** SOP Papers with Transmittal, via Fed Ex 2 Day, 790589951402

**SIGNED:** C T Corporation System
**PER:** Lisa Uttech
**ADDRESS:** 5615 Corporate Blvd
Suite 400B
Baton Rouge, LA 70808
**TELEPHONE:** 225-922-4490



EXHIBIT B

Page 1 of 1 / RT

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.